UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

EDWARD JAMES MARTIN O'BRIEN,            )
                                        )
                Plaintiff,              )
                                        )
        v.                              )           No. 1:20-cv-00153-SEP
                                        )
STEPHEN MURPHY, et al.,                 )
                                        )
                Defendants.             )

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of Plaintiff Edward James Martin

O'Brien for leave to commence this civil action without prepayment of the required filing fee.

Doc. [2].  Having reviewed the motion and the financial information submitted in support, the

Court has determined that Plaintiff is unable to pay the full amount of the filing fee; therefore,

the Court will assess an initial partial filing fee of $1.00.  *See* 28 U.S.C. § 1915(b)(1).

Additionally, for the reasons discussed below, the Court will direct Plaintiff to file an amended

complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is

required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or

her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an

initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the

prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-

month period.  After payment of the initial partial filing fee, the prisoner is required to make

1

monthly payments of twenty percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid.  *Id.*

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2).  According to Plaintiff, he has been unable to obtain such a statement from his institution, despite requesting one on multiple occasions.  Nevertheless, having reviewed the information contained in the motion, the Court will require Plaintiff to pay an initial partial filing fee of $1.00.  *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances").  If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

## Legal Standard on Initial Review

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id.* at 679.  The court must "accept as true the facts alleged, but not legal

2

conclusions or 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (citation omitted); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any 'legal conclusion couched as a factual allegation'") (citation omitted).

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. He brings this action pursuant to 42 U.S.C. § 1983, naming Deputy Stephen Murphy, Deputy Adam Robinette, and the Ripley County Sheriff's Department as defendants. Deputy Murphy and Deputy Robinette are sued in their official capacities only. Doc. [1] at 2-3.

3

In the "Statement of Claim," Plaintiff asserts that on March 22, 2020, he was being pursued in a vehicle driven by Deputy Robinette.  *Id.* at 3.  Plaintiff alleges that Deputy Robinette "rammed" his vehicle before being given "orders for a pit maneuver."  *Id.* at 3.  The collision knocked Plaintiff unconscious.  When he awoke, he opened his door and put both his "hands up" to indicate he was "surrendering."  *Id.*

At that point, Plaintiff states that he was "pulled out of the car and put on [his] stomach," with his hands behind his back and a "a knee in the center of [his] back."  Plaintiff states that he was not resisting.  Nevertheless, he alleges that Deputy Robinette "ran over and punched [him] in the face 3 times" while yelling "stop resisting."  *Id.*  Deputy Robinette then "pulled out his taser" and tasered Plaintiff twice, despite his being "already apprehended [and] detained by Deputy Murphy."  *Id.* at 4.

Plaintiff states that he is now in jail facing thirty years' imprisonment "because both these officers lied [and] said [he] rammed Deputy Robinette.[1]  He asserts that Deputy Robinette and Deputy Murphy are "covering their own wrongdoing" by saying he resisted.  Plaintiff also claims that a deputy refused to let an emergency medical technician look at him.

As a result of this incident, Plaintiff states that he received a black eye, suffered from a concussion, "floated in [and] out of [consciousness] for a week," and still has "severe back pain," as well as "constant migraines."  *Id.*

Plaintiff is seeking to have Deputy Robinette and Deputy Murphy fired and to have his pending charges dismissed.  He is also requesting damages in the amount of $1 million "for each time [he] was assaulted by Deputy Robinette," $2 million "for each time [he] was tasered by

---

[1] Plaintiff's criminal case is *State of Missouri v. O'Brien*, No. 20RI-CR00190-01 (36th Jud. Cir.). He is charged with second-degree felony assault, felony resisting arrest, and operating a motor vehicle in a careless and imprudent manner.  The case is still pending.

Deputy Robinette," $10 million for being rammed by Deputy Robinette "before ordered," and $5 million "because the deputies lied," resulting in him being "wrongfully charged." *Id.* at 5.

## Discussion

Plaintiff is a self-represented litigant who brings this action pursuant to 42 U.S.C. § 1983, alleging that excessive force was used against him when he was being arrested. For the reasons discussed below, Plaintiff's complaint is subject to dismissal, but Plaintiff will be given an opportunity to file an amended complaint.

### A. Deficiencies in Complaint

Plaintiff's complaint is deficient and subject to dismissal for all claims against each Defendant—the Ripley County Sheriff's Department, Deputy Robinette, and Deputy Murphy. To begin with, the Ripley County Sheriff's Department is not a suable entity. *See Ketchum v. City of West Memphis, Arkansas*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"). Furthermore, Plaintiff has not actually made any allegations against the Sheriff's Department; Plaintiff has only named it in the caption of the complaint.

The complaint's claims against Deputy Robinette and Deputy Murphy are also deficient. Plaintiff has sued Robinette and Murphy in their official capacities only. In an official capacity claim against an individual, the claim is actually against the governmental entity that employs the individual. *See Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"). But Plaintiff has not asserted any factual allegations against Ripley County itself.

For these reasons, Plaintiff has not stated a claim, and his complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff is a self-represented litigant,

5

he will be given an opportunity to file an amended complaint on a Court-provided form, according to the instructions set forth below.

### B. Amendment Instructions

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him.  *See* Eastern District of Missouri Local Rule 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").  If the amended complaint is handwritten, the writing must be legible.  In the "Caption" section of the Court-provided form, Plaintiff should clearly name each and every party he intends to sue.  *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").  If there is not enough room in the caption, Plaintiff may add additional sheets of paper.  However, all defendants must be clearly listed.  Plaintiff should fill out the complaint form in its entirety.

In the "Statement of Claim" section, Plaintiff should provide a short and plain statement of the factual allegations supporting his claim.  *See* Fed. R. Civ. P. 8(a).  Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances."  *See* Fed. R. Civ. P. 10(b).

The amended complaint should include only claims that arise out of the same transaction or occurrence.  In other words, Plaintiff should include only claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).  Alternatively, Plaintiff may choose a single defendant and set forth as many claims as he has against that defendant.  *See* Fed. R. Civ. P. 18(a).

In structuring his amended complaint, Plaintiff should begin by writing the defendant's name.  In separate, numbered paragraphs under that name, Plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant.  If Plaintiff is suing more than one defendant, he should follow the same procedure for each

6

defendant.  It is not enough for Plaintiff to simply list a defendant in the case caption.  Instead, he must present factual allegations against each separate defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both.  The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If Plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him.  *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights").  Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (citation omitted).  Plaintiff is advised to avoid making legal arguments or drawing legal conclusions and to constrain himself to presenting factual allegations.

If Plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him.  That is, for each defendant, Plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights.  It is not enough for Plaintiff to make general allegations against all the defendants as a group.  Plaintiff needs to provide the role of each named defendant in this case so that each defendant can receive notice of what he or she is accused of.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

The filing of an amended complaint **completely replaces** the original complaint.  This means that claims not re-alleged in the amended complaint will be deemed abandoned.  *See In re*

*Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect.").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.  Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant.  If Plaintiff fails to file an amended complaint on a Court-provided form within **thirty (30) days** in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

### C.  Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel.  Doc. [3].  In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel.  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); s*ee also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case").  A district court may appoint counsel in a civil case if the Court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."  *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim.  *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time.  Plaintiff has demonstrated, at this point, that he can adequately present

his claims to the Court.  Additionally, neither the factual nor the legal issues in this case appear to be complex.  Finally, the Court is requiring Plaintiff to file an amended complaint because the instant complaint is subject to dismissal. As such, the Court is not yet convinced that either Plaintiff or the Court will benefit from the appointment of counsel.  The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

**Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. [2]) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $1.00 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Doc. [3]) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to Plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff fails to comply with this Order, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915(e)(2).


Dated this 23rd day of October, 2020.

_Sarah E. Pitlyk_

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE