UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDWARD JAMES MARTIN O'BRIEN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:20-cv-00153-SEP |
| ) | |
| STEPHEN MURPHY, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Before the Court are Plaintiff Edward James Martin O'Brien's Motion to Add Parties (Docs. [24], [25]),[1] Motion to Produce Disclosure (Doc. [26]), and Motion for Default Judgment (Doc. [27]).  For the reasons set forth below, the Motions are denied.

### FACTS AND BACKGROUND

Plaintiff is a self-represented litigant currently incarcerated at the Missouri Eastern Correctional Center (MECC) in Pacific, Missouri.  On July 14, 2020, he filed a civil action pursuant to 42 U.S.C. § 1983.  Doc. [1].  On finding the Complaint subject to dismissal under 28 U.S.C. § 1915, the Court allowed Plaintiff to file an amended complaint, which he did on November 9, 2020.  Doc. [8].  In the Amended Complaint, Plaintiff named as Defendants Deputy Adam Robinett,[2] Chief Deputy Charlie Mays, and Deputy Stephen Murphy, in both their official and individual capacities.  Doc. [8] at 2-4.  Upon review of the Amended Complaint, the Court dismissed all claims except the excessive force claim against Deputy Robinett in his individual capacity and the deliberate indifference claim against Chief Deputy Mays in his individual capacity.  *See* Docs. [10], [11].

The allegations relevant to the remaining claims are as follows.  On March 22, 2020, Plaintiff "was being pursued by Deputy Adam Robinette" on Highway 160E-12 outside of

---

[1] It appears that Plaintiff filed his Motion to Add Parties in two separate documents: one requesting joinder of parties (Doc. [24]) and one stating his requested relief (Doc. [25]).  Although docketed as two filings, they are two components of the same motion.

[2] Plaintiff refers to Deputy Adam "Robinette" through his Amended Complaint and other documents, but this Court will use the spelling contained in Defendants' briefings: "Robinett."

1

Doniphan, Missouri.  Doc. [8] at 4.  During the vehicle pursuit, Deputy Robinett used his "front right fender to hit the vehicle [Plaintiff] was driving," in a tactic known as a "PIT maneuver,"[3] forcing Plaintiff into a ditch.  *Id.*  Plaintiff then "placed both [his] hands out of the window" and was handcuffed and placed face down on the ground.  *Id.*  While he was face down in handcuffs, Deputy Robinett punched him in the face three times and tasered him twice.  *Id.*

When an EMT arrived on scene, Plaintiff requested medical attention for his alleged injuries from the car accident and assault.  *Id.*  Plaintiff claims he had been knocked unconscious in the crash and that he had a black eye from being punched.  Chief Deputy Mays told the EMT that Plaintiff "was fine and did not need medical attention," so he did not receive medical attention for his injuries.  *Id.*  In addition to unconsciousness and a black eye, Plaintiff continues to suffer from back and neck problems and migraines as a result of the incident.  *Id.*

In February 2021, Plaintiff filed a Motion to Add Parties, Docs. [24], [25], seeking to add as defendants Corizon Medical Services (Corizon) and Dr. John Williams, Doc. [25] at 2-3.  His Motion states that on September 23, 2020, the day he was moved to the Eastern Reception Diagnostics Correctional Center (ERDCC), he filled out a Health Service Request (HSR) stating he had been involved in a car wreck and had not received medical attention, and he was suffering from severe back and neck pain as well as constant migraines.  *Id.* at 3.  In December 2020, in response to his HSR, Plaintiff claims he was seen by a nurse who noted that Plaintiff

> was walking Fine and that they (Corizon Medical Services) would not do anything other than what they have already done which was leave [him] on the medication for pain (Ibuprofen 600 mg 2x day, Gabapentin[4] 800 mg 3x day) that [Plaintiff] was already prescribed when plaintiff got to MDOC.

Doc. [25] at 3.  Plaintiff alleges that "to this day [he] has not had any of his medical needs or requests taken care of."  *Id.*

On January 13, 2021, Plaintiff was transferred from ERDCC to MECC.  *Id.* at 4.  Shortly after arriving, Plaintiff's prescription for gabapentin expired.  *Id.*  On January 29, 2021, Plaintiff saw Dr. John Williams, who is employed at MECC by Corizon, and explained that he was

---

[3] PIT is an acronym for Precision Immobilization Technique.  *Scott v. Harris*, 550 U.S. 372, 375 (2007).

[4] Plaintiff asserts he was put on gabapentin while incarcerated in Wayne County Jail for pain he was experiencing as a result of the wreck.  Doc. [25] at 4.

involved in a car accident in March 2020 and still had not received medical attention. *Id.* Plaintiff told Dr. Williams that he was in significant pain and asked Dr. Williams to renew his gabapentin prescription. *Id.* Plaintiff claims that Dr. Williams "lied" and told Plaintiff that he could not renew the prescription. Plaintiff moves to add Dr. Williams to this action because he is in pain and is "suffering because of Dr. John William['s] Acts." *Id.* Plaintiff seeks one million dollars for "deliberate indifference to [his] medical needs upon multiple requests," as well as immediate medical attention from Corizon and Dr. Williams. Doc. [24] at 1.

## DISCUSSION

### I.  Motion to Add Parties

Under Federal Rule of Civil Procedure 20, which governs joinder of defendants, Plaintiff cannot assert in a single lawsuit claims against different defendants that are related to events arising out of different transactions or occurrences. Rule 20 provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Each named defendant must be "transactionally related," and there must be "a common question of law or fact." *Houston v. Shoemaker*, 2017 WL 35699, at *2 (E.D. Mo. Jan. 4, 2017). In cases filed by prisoners *in forma pauperis*, that requirement "serves the additional purpose of ensuring that prisoners pay the required filing fees." *Id.*; *see* 28 U.S.C. § 1915(g) (limiting the number of frivolous suits or appeals a prisoner may bring *in forma pauperis* to three). Plaintiffs may assert as many claims as they have against a single defendant in one lawsuit, however. Federal Rule of Civil Procedure 18(a) provides that "[a] party . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."

Plaintiff's claims against Corizon and Dr. Williams do not arise out of the same transaction or series of transactions as those relating to Deputy Robinett or Chief Deputy Mays. Nor do they involve common questions of law or fact. The claims against the original Defendants are for excessive force and denial of medical treatment during Plaintiff's arrest in March 2020. The claims Plaintiff seeks to bring against Corizon and Dr. Williams are for

3

deliberate indifference to his medical needs while Plaintiff has been incarcerated in ERDCC and then MECC since September 2020. The claims arise out of separate occurrences, by different defendants, and months apart. *See Scott v. Russell*, 2014 WL 4458906, at *5 (E.D. Mo. Sept. 10, 2014) (dismissing defendants when the counts "pertain to and arise out of wholly separate assaults, by different defendants, almost a year apart, and resulting in different injuries"); *Roberts v. Davis*, 2011 WL 6217047, at *3 (E.D. Mo. Dec. 14, 2011) (dismissing defendants when the claims against them were "wholly unrelated" to claim against remaining defendants).

The fact that the injuries Corizon and Dr. Williams have allegedly failed to treat were allegedly inflicted during Plaintiff's arrest is not enough of a factual connection to satisfy Rule 20's same transaction or occurrence requirement, because the origin of Plaintiff's physical injuries is irrelevant to his claims against Corizon and Dr. Williams. The claims against them are based on *how* they treated—or failed to treat—Plaintiff's injuries, irrespective of the cause of those injuries. Thus, Plaintiff's claims against Corizon and Dr. Williams will require a "review of entirely separate events asserted against different defendants" than will the claims in the Amended Complaint. *Bell v. Dunklin Cnty. Jail Adm'r*, 2011 WL 2671928, at *3 (E.D. Mo. July 8, 2011). Because the claims arise from different occurrences, the Motion to Add Parties must be denied.

If Plaintiff wishes to pursue claims arising from actions outside his arrest, he must file each such claim as a new civil action on a separate complaint form, and either pay the filing fee or file a motion for leave to proceed *in forma pauperis*. Plaintiff must prepare that complaint using a Court-provided form and must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

**II.     Motions to Produce Disclosure and for Default Judgment**

Plaintiff filed a Motion to Produce Disclosure on March 5, 2021, Doc. [26], stating that Defendants failed to disclose "all documents, papers, and evidence along with their whereabouts and a list of everybody who has knowledge of the events giving rise to Plaintiff's Claim." Doc. [26] at 1. Pursuant to the Case Management Order, those disclosures were due on February 24, 2021. *See* Doc. [20]. On March 17, 2021, Plaintiff filed a Motion for Default Judgment based on Defendant's failure to produce initial disclosures. Doc. [27]. Defendants responded on March 18, 2021, explaining that they filed their initial disclosures on February 23, 2021, but they inadvertently mailed them to Plaintiff's former address at the ERDCC. Doc. [28]; *see* Doc. [28-

4

1]. Upon realizing their mistake, Defendants mailed a copy of the disclosures to Plaintiff's new address at the MECC. *See* Doc. [28-2]. Because Defendants have now produced their initial disclosures—albeit untimely—the Motion to Produce is moot.

Under Federal Rule of Civil Procedure 55, a court may enter default judgment for failure "to plead or otherwise defend." "Default judgment for failure to defend is appropriate when the party's conduct includes 'willful violation of court rules, contumacious conduct, or intentional delays.'" *Ackra Direct Mktg. Corp v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) (quoting *United States v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993)). "Default judgments are disfavored under the law." *Pride Cleaning & Restoration, Inc. v. Cole*, 2016 WL 5462810, at *1 (E.D. Mo. Sept. 28, 2016). Here, Plaintiff's delay in receiving Defendants' initial disclosure was not a result of "willful violation of court rules, contumacious conduct, or intentional delays." *Ackra*, 86 F.3d at 858. Defendants tried to timely disclose but mistook Plaintiff's address. Because the delay was not intentional, default judgment is not appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Add Parties (Docs. [24], [25]) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Produce Disclosure (Doc. [26]) is **DENIED as moot**.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Default Judgment (Doc. [27]) is **DENIED**.

Dated this 10th day of August, 2021.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE