UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

EDWARD JAMES MARTIN O'BRIEN,    )
                                )
                Plaintiff,      )
                                )
v.                              )        Case No. 1:20-cv-00153-SEP
                                )
STEPHEN MURPHY, et al.,         )
                                )
                Defendants.     )

## MEMORANDUM AND ORDER

Before the Court are two Motions to Compel Defendants to Produce Evidence, filed by Plaintiff Edward James Martin O'Brien.  Docs. [30], [33].  For the reasons set forth below, Plaintiff's first motion to compel is denied and the second is granted in part.

### FACTUAL BACKGROUND

On June 14, 2021, Plaintiff O'Brien filed a motion to compel, seeking (1) a list of all tasers (including their serial numbers) in the possession of the Ripley County Sheriff's Department from 2017 through 2021, (2) that the Defendants send out and examine the "Use Log" for every individual Taser in the possession of the Ripley County Sheriff's Department over the course of the last five years and provide copies of the logs to O'Brien without charge, (3) "a list of every taser and who they were assigned to for every officer that was present" at the events giving rise to the lawsuit, (4) the Use Logs for those tasers, and (5) audio and video footage from the body cameras worn by the Defendants. Doc. [30] at 1-2.  In his motion, O'Brien did not certify that he had conferred or attempted to confer in good faith with Defendants over this dispute.  *Id.*  On June 25, 2021, Defendants filed their response, Doc. [31], noting that O'Brien had not served them with discovery requests and further that what he sought did not exist, was not relevant to his claims, and/or would be excessively burdensome for Defendants to produce. *Id.* at 2.  On July 6, 2021, O'Brien filed his Reply, Doc. [32], in which he did not deny that he had neglected to send discovery requests to Defendants.

On August 5, 2021, O'Brien filed a second, narrower motion to compel.  There he asked that Defendants:  (1) provide him with a list of tasers assigned to Chief Deputy Mays, Deputy Robinett, and Deputy Murphy, (2) take each taser of every officer present at the March 22, 2020, event and have a third party prepare an "Event Log" at no cost to Plaintiff, and (3) provide Plaintiff a "sign-out sheet" or "proof" that each taser is assigned to each officer.  Doc. [33] at 1-2.  In his second motion, Plaintiff

noted that he had mailed a Request for Production of Evidence to Defendants on June 30, 2021, but that he had not received a response as of August 2, 2021. Id. at 3. Defendants filed no response to Plaintiff's second motion to compel.

DISCUSSION

A pro se litigant is required to follow the rules of litigation, including the requirements of discovery. *Maness v. St. Louis Bread Co.*, 2020 WL 418545, at *3 (E.D. Mo. Jan. 27, 2020) (slip op.) (citing *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) ("A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery.")).

Defendants represent that O'Brien never propounded any interrogatories or requests for production regarding the materials sought in his first motion. Doc. [31] at 2. Because propounding a discovery request upon the other party is a prerequisite to filing a motion to compel, *see* Fed. R. Civ. P. 37(a)(3)(B), O'Brien's first motion will be denied.

With respect to his second motion, O'Brien represents that he mailed out a request for production for the materials listed in that motion on June 30, 2021, Doc. [33] at 3, and Defendants have not filed a response. In light of O'Brien's allegations, both a list identifying the tasers assigned to Mays, Murphy, and Robinett, and a "sign-out" sheet for those tasers seem well within the scope of discovery.[1] *See* Fed. R. Civ. P. 26(b)(1). Because the Court lacks knowledge about whether Defendants have already provided that information to O'Brien, the Court will order that such records relating to the tasers possessed by Mays, Murphy, and Robinett on the day in question must be provided to O'Brien if they have not been provided already. If those records are produced after entry of this Order, O'Brien may have thirty (30) days from the receipt of any new records to supplement his response to Defendants' pending summary judgment motion. *See* Doc. [40].

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's first Motion to Compel, Doc. [30], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's second Motion to Compel, Doc. [33], is **GRANTED IN PART** and **DENIED IN PART**.

---

[1] The Court cannot say the same regarding O'Brien's request that Defendants test the tasers and provide an "Event Log." *See* Fed. R. Civ. P. 34(a)(1) (requiring that the responding party must "produce and permit the requesting party or its representative to inspect, copy, test or sample" various items in the responding party's possession); *see also L.H. v. Schwarzenegger*, 2008 WL 782734, at *5 ("Rule 34 does not require a party to perform tests or demonstrations for a requesting, opposing party.") (citing *Sperberg v. Firestone Tire & Rubber Co.*, 61 F.R.D. 80 (N.D. Ohio 1973)).

Dated this 11th day of March, 2022.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE